UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HANNAH RAPPLEYE and NBCUNIVERSAL MEDIA, LLC,<br><br>                       Plaintiff<br><br>            v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>                       Defendant | **COMPLAINT FOR INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Plaintiffs HANNAH RAPPLEYE and NBCUNIVERSAL MEDIA, LLC ("NBCUNIVERSAL") file this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel Defendant DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE") to provide access to death review files for (*a*) at least 13 ICE detainees who died while in ICE custody between June 6, 2017 and July 31, 2018, and (*b*) at least 5 detainees who died between July 26, 2018 and June 6, 2019.

2. Plaintiff RAPPLEYE submitted the FOIA requests at issue in this action on August 3, 2018 (the "2018 Request") and June 6, 2019 (the "2019 Request"). ICE has violated FOIA by failing to disclose the requested records, failing to make a determination on RAPPLEYE's administrative appeal of the 2018 Request, and improperly invoking a law enforcement exemption under 5 U.S.C. § 552(b)(7)(A) for the 2019 Request.

1

## THE PARTIES

3. Plaintiff RAPPLEYE is a journalist who resides and works in New York, New York. RAPPLEYE has been employed by NBC News as a reporter in its Investigative Unit since 20ll.

4. Plaintiff NBCUNIVERSAL is a media company with its principal place of business in New York, New York. NBC News is a division of NBCUNIVERSAL. As RAPPLEYE's employer, NBCUNIVERSAL shares a legal interest in her FOIA requests and in any responsive records that are produced.

5. Defendant ICE is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. §1331.

7. Plaintiffs have exhausted their administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) because more than 20 days have passed since ICE received RAPPLEYE's administrative appeal on or around August 31, 2018 with respect to the 2018 Request, yet ICE has failed to make a determination with respect to the appeal. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

8. Plaintiffs likewise have exhausted their administrative remedies with respect to the 2019 Request, as ICE denied Plaintiffs' administrative appeal of ICE's initial denial of that request.

9. Accordingly, Plaintiff is entitled to bring this action to enforce FOIA pursuant to 5 U.S.C. § 522(a)(4)(B).

10. The venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B) because RAPPLEYE works, and NBCUNIVERSAL has its principal place of business, within this District.

## STATEMENT OF FACTS

**Background**

11. The records at issue are death review files for detainees who died while in ICE custody. ICE's internal policies require it to investigate the circumstances surrounding the death of a detainee and to provide findings to ICE senior management. *See* https://www.ice.gov/doclib/dro/pdf/11003.1-hd-notification_reporting_detainee_deaths.pdf. ICE's investigative findings have been memorialized in death reviews that set forth the facts related to the death of a detainee, detail the care received by the detainee while in custody, and address whether ICE detention standards were violated. Disclosure of the death review files sought by Plaintiffs will contribute significantly to the public's understanding of the operations and activities of the federal government as they relate to the treatment and care of individuals who died in ICE detention.

12. In the past, ICE disclosed death reviews in response to FOIA requests and made the disclosed records publicly available on the agency's website. *See* https://www.ice.gov/foia/library (For example, Detainee Death Review – Manuel COTA-Domingo; Detainee Death Review – Olubunmi Toyin JOSHUA JICMS; and Detainee Death Review – Juan Luis BOCH-Paniagua). But ICE has not posted new death reviews to its website, or otherwise made death reviews publicly available, since September 2017. Historically, death reviews made public by ICE on its website were 20 to 40 pages long and included significant detail about the events that led up to the detainee's death, as well as the events following it. The reviews included footnotes citing to investigative reports, interviews and exhibits.

NBCUniversal:5236763v5

13. On information and belief, ICE continues to investigate the deaths of detainees and to generate and maintain death reviews, but it does not publicly disclose those death reviews. Instead of disclosing death reviews, since September 2017 ICE has made public only "Death Detainee Reports." *See* https://www.ice.gov/death-detainee-report. These reports lack much of the information contained in death reviews. Most Death Detainee Reports are only two pages long, and none are longer than five pages. They focus on the deceased detainees' immigration history and any criminal background, briefly summarize the detainees' medical history, and do not include information about any post-mortem investigations of ICE detention standards.

**The 2018 Request**

14. On August 3, 2018, in the course of her employment with NBCUNIVERSAL, RAPPLEYE made the 2018 Request to ICE under FOIA for a list of detainees who died in ICE custody between June 6, 2017 and July 31, 2018, and the death review file for each deceased detainee. Her request was assigned identification number 2018-ICFO-56222.

15. On information and belief, at least 13 individuals died in ICE custody during the period covered by RAPPLEYE's 2018 Request. Each detainee's name, sex, age, country of origin and approximate date of death, as reported publicly by ICE, is outlined below:

| Mejia-Bonilla, Carlos | M | 44 | EL SALVADOR | 6/10/2017 |
| Montesino-Cabrera, Osvadis | M | 37 | CUBA | 8/22/2017 |
| Almazan-Ruiz, Felipe | M | 51 | MEXICO | 9/17/2017 |
| Samimi, Kamyar | M | 64 | IRAN | 11/17/2017 |
| Castro-Garrido, Yulio | M | 33 | CUBA | 1/7/2018 |
| Ramirez-Marcano, Luis | M | 59 | CUBA | 2/19/2018 |
| Mirimanian, Gourgen | M | 54 | ARMENIA | 4/10/2018 |
| Cruz, Ronald | M | 39 | HONDURAS | 5/16/2018 |
| Hernandez, Jeffry | M | 33 | HONDURAS | 5/25/2018 |
| Testfatsion, Zeresenay Ermias | M | 34 | ERITREA | 6/6/2018 |
| Tran, Huy Chi | M | 47 | VIETNAM | 6/12/2018 |

NBCUniversal:5236763v5

| De La Rosa, Efrain | M | 40 | MEXICO | 7/10/2018 |
| Ramirez-Arreola, Augustina | F | 62 | MEXICO | 7/26/2018 |

16. On August 21, 2018 RAPPLEYE received a response to her 2018 Request from an ICE FOIA officer. The officer wrote that the records RAPPLEYE requested were available on the ICE website under the heading "Reports." The response also said, "[i]f you deem this to be an adverse determination, you may exercise your appeal rights."

17. In fact, for 12 of the 13 detainee deaths listed above, the only records available on the ICE website are "Death Detainee Reports" that, as discussed above, do not contain nearly as much information or analysis as do the death reviews that used to be publicly disclosed, but are no longer. *See* https://www.ice.gov/death-detainee-report.

18. Of the records that RAPPLEYE requested in her 2018 Request, only the heavily redacted death review for Osvadis Montesino-Cabera can be found on the ICE website, under a subheading titled "Reports" in ICE's public FOIA Library. It appears to be the last death review made publicly available on the ICE website. For each of the other 12 detainee deaths listed above, only a short "Death Detainee Report" is available on the ICE website.

19. Deeming the August 21, 2018 response from the ICE FOIA officer to be a denial of her 2018 Request, RAPPLEYE administratively appealed the denial of her 2018 Request on August 31, 2018.

20. On June 14, 2019, ICE addressed RAPPLEYE's appeal of her 2018 Request in an email stating, "[W]e have queried the appropriate component of DHS for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. We will process your request as expeditiously as possible. Upon completion of the processing, all

documents that can be released will be made available to you at the earliest possible date. We sincerely apologize for the delay you are experiencing and appreciate your continued patience."

21. Despite its June 14, 2019 email, ICE has not released any documents in response to the 2018 Request, made a determination of RAPPLEYE's administrative appeal, told her whether it located responsive records, or indicated whether it considers any records to be releasable or not.

**The 2019 Request**

22. On June 6, 2019, in the course of her employment with NBCUNIVERSAL, RAPPLEYE made the 2019 Request (identification number 2019-ICFO-41845) to ICE under FOIA seeking the death review files for all detainees who died in ICE custody between July 26, 2018 and June 6, 2019, including:

- Guerman Volkov
- Mergensana Amar
- Wilfredo Padron
- Abel Reyes-Clemente
- Simratpal Singh

23. On July 19, 2019, RAPPLEYE submitted an administrative appeal to ICE on the ground that her 2019 FOIA Request was constructively denied because ICE had not responded to it.

24. By letter dated August 7, 2019, nearly three weeks after RAPPLEYE filed her administrative appeal, an ICE FOIA Officer responded to her original 2019 Request. ICE's response told RAPPLEYE that "[d]ue to the open status of ongoing investigations, ICE has determined that the information you are requesting is witholdable in its entirety pursuant to Title 5 U.S.C. § 552(b)(7)(A)." which permits an agency to withhold records compiled for law enforcement records which, if disclosed, could reasonably be expected to interfere with law

enforcement proceedings. Notably, ICE did not deny that the death review files that RAPPLEYE requested are in ICE's possession and have not been publicly disclosed by the agency.

25. By letter dated September 13, 2019, ICE responded to RAPPLEYE's July 19, 2019 administrative appeal. In that response, ICE stated that it had "confirmed that as of September 13, 2019, the requested records continue to relate to open and ongoing law enforcement investigations." ICE stated that the withholding of the records in full was proper pursuant to Exemption 7(A) of FOIA. ICE further stated that disclosing the requested information prior to the completion of "the investigation" could reasonably be expected to interfere with "law enforcement proceedings," and that "[o]nce all 'pending matters' are concluded and FOIA Exemption 7(A) is no longer applicable," other FOIA exemptions may still apply. ICE also stated, "Inasmuch as you consider this to be a denial of your appeal, you may obtain judicial review of this decision pursuant to the provisions of 5 U.S.C. § 552(a)(4)(B)[.]"

26. ICE did not identify what "open and ongoing law enforcement investigations" were taking place, nor did it identify any "pending matters."

**COUNT I – ICE'S VIOLATION OF FOIA AS TO THE 2018 REQUEST**

27. Plaintiffs repeat, reallege and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

28. On August 3, 2018, RAPPLEYE made a valid FOIA request to ICE for detainee death review files: the 2018 Request.

29. As RAPPLEYE's employer, NBCUNIVERSAL MEDIA also has a legal interest in the request.

30. ICE is an agency subject to FOIA and must release in response to a FOIA request any disclosable records in its possession at the time of the request, and may withhold requested

information only if the agency reasonably foresees that disclosure would harm an interest protected by a FOIA exemption or if disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A).

31. The detainee death review files requested in RAPPLEYE's 2018 Request are within ICE's control.

32. ICE did not provide the death review files requested in RAPPLEYE's 2018 Request.

33. Instead, on August 21, 2018, RAPPLEYE received a response from ICE to her 2018 Request for death review files, which pointed her to other records called "Death Detainee Reports" on the ICE website. ICE's response said, "[i]f you deem this to be an adverse determination, you may exercise your appeal rights."

34. RAPPLEYE deemed ICE's response to be a denial and administratively appealed ICE's denial of her 2018 Request on August 31, 2018.

35. ICE has failed to make a determination within 20 business days as to RAPPLEYE's appeal of ICE's denial of the 2018 Request, in violation of FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(ii). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

36. ICE's failure to provide records responsive to the 2018 Request violates FOIA.

37. Plaintiffs are entitled to an order compelling ICE to produce the records sought by the 2018 request.

### COUNT II – ICE'S VIOLATION OF FOIA AS TO THE 2019 REQUEST

38. Plaintiffs repeat, reallege and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

39. On June 6, 2019, RAPPLEYE made a second, valid FOIA request to ICE for detainee death review files: the 2019 Request.

40. As RAPPLEYE's employer, NBCUNIVERSAL MEDIA also has a legal interest in the request.

41. ICE is an agency subject to FOIA and must release in response to a FOIA request any disclosable records in its possession at the time of the request and may withhold requested information only if the agency reasonably foresees that disclosure would harm an interest protected by a FOIA exemption or if disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A).

42. The detainee death review files requested in RAPPLEYE's 2019 Request are within ICE's control.

43. ICE did not respond to the 2019 Request within 20 business days, thereby violating 5 U.S.C. § 552(a)(6)(A)(i).

44. RAPPLEYE deemed ICE's failure to respond as a denial of the 2019 Request, and administratively appealed ICE's denial of her 2019 Request on July 19, 2019.

45. ICE responded to RAPPLEYE's original 2019 Request on August 7, 2019, over two months after RAPPLEYE made that request, and nearly three weeks after RAPPLEYE had administratively appealed ICE's constructive denial of the 2019 Request. In its August 7, 2019 response, ICE invoked the exemption under 5 U.S.C. § 552(b)(7)(A) to justify withholding the records that RAPPLEYE had requested.

46. ICE wrote to RAPPLEYE again on September 13, 2019, denying RAPPLEYE's appeal, and stating that it was withholding the requested records on the basis of the 7(A) exemption.

NBCUniversal:5236763v5

47. Plaintiffs have exhausted their administrative remedies under FOIA. Under 5 U.S.C. § 552(a)(4)(B), if an agency upholds the denial of a request for records under FOIA on administrative appeal, the requestor may seek judicial review of the agency's decision.

48. Some or all of the records responsive to the 2019 Request are not exempt from disclosure under FOIA.

49. ICE's failure to provide responsive records violates FOIA.

50. Plaintiffs are entitled to an order compelling ICE to produce the records sought by the 2019 Request.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully ask this Court to:

a. Declare that the records sought by the 2018 and 2019 Requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 522 and must be disclosed.

b. Declare that the records sought by the 2018 and 2019 Requests, as described in the foregoing paragraphs, do not qualify for an exemption under 5 U.S.C. § 552(b)(7)(A) or otherwise.

c. Declare that ICE's failure to provide responsive records to the 2018 and 2019 Requests is a violation of FOIA.

d. Order Defendant ICE to provide to Plaintiffs the records sought by the 2018 and 2019 Requests within 20 business days of the Court's order.

  e. Award Plaintiffs the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA, *see* U.S.C. § 552(a)(4)(E).

  f. Grant Plaintiffs such other and further relief as the Court deems just and proper.

        RESPECTFULLY SUBMITTED,

        <u>/s/ Erik Bierbauer</u>

        Attorney for Plaintiffs

        Erik Bierbauer (EB-0606)
        Law Department
        NBCUNIVERSAL MEDIA, LLC
        30 Rockefeller Plaza, Room 620-541
        New York, NY 10112
        Tel: (212) 664-4167
        *E-Mail: Erik.Bierbauer@nbcuni.com*